[No. 11888.   Department One. — July 1, 1889.]

## J. D. SANTA MARINA, APPELLANT, v. PATRICK CONNOLLY ET AL., RESPONDENTS.

MORTGAGE — SALE OF PART OF MORTGAGED PROPERTY — FORECLOSURE — AGREEMENT FOR BID — FRAUD — RIGHTS OF SUBSEQUENT LIEN-HOLDER. — When one of several tracts mortgaged is sold by consent of the mortgagor, mortgagee, and pledgee of the mortgage, at its full market value, but for a price much less than the amount of the mortgage, and is deeded by the mortgagor, an agreement with the purchaser that the mortgage shall be foreclosed, and a title taken under foreclosure sale of such tract for his benefit, that an increase of bid shall be made for his benefit upon that tract in the name of the plaintiff, and the certificate of purchase assigned to him by plaintiff, if obtained by such bid, and that if third parties obtain the tract at a higher price he should receive the amount of the agreed bid and quitclaim to the mortgagor, constitutes no fraud of which a subsequent judgment creditor who is made a party to the foreclosure can complain. The provision for an increased bid operates for his benefit in relieving the rest of the mortgaged property from the mortgage lien *pro tanto*.

ID. — RECITAL IN DEED OF MORTGAGOR — AGREEMENT FOR FORECLOSURE — SUBSEQUENT LIENS. — The fact that a conveyance by a mortgagor of one of several tracts mortgaged recites that the title is taken by the purchaser subject to encumbrances does not preclude an arrangement of the purchaser with the mortgagee and his assignee by which the purchaser is also to take a title under foreclosure of the mortgage to the exclusion of other subsequent liens. The fact that the mortgagor was no party to such agreement is not a matter of which subsequent lien-holders can complain. If the property is sold for its full value, this is all subsequent lien-holders can ask.

APPEAL — REVIEW OF ORDER GRANTING NEW TRIAL — QUESTIONS OF LAW.
— The rule that every intendment is in favor of the order of the court
below granting a new trial is not applicable, where the question pre-
sented is purely one of law, and this court is satisfied that an error has
been committed.

APPEAL from an order of the Superior Court of the
city and county of San Francisco granting a new trial.

The facts are stated in the opinion of the court.

*Edward J. Pringle,* and *John H. Boalt,* for Appellant.

*D. H. Whittemore, W. H. Sears,* and *J. M. Lesser,* for
Respondents.

WORKS, J. — One Madison H. Turrill, being the owner
of the real estate in controversy in this action, together
with several other tracts of land, executed a mortgage
thereon to one Edward F. Hall for the sum of $96,725.
Subsequently the defendants in this action brought their
suit against Turrill, and sued out an attachment upon all
of said property, and recovered a judgment for the sum
of $10,145.82. An appeal was taken from said judgment
to this court, and while the same was pending on appeal
the said Hall assigned said mortgage to one Robert Sher-
wood, as collateral security for a debt due from Hall to
Sherwood. The said mortgagor, Turrill, and his mort-
gagee, Hall, and the assignee of said mortgage, Sherwood,
procured the plaintiff in this action to become the pur-
chaser of the property in controversy here for the sum
of $37,500, which, by agreement between the parties,
was to be paid to Sherwood, the then holder of the mort-
gage. In consideration of his agreement to purchase
the property, Turrill agreed to and did convey to him
the real estate, and Hall and Sherwood entered into a
written agreement with the plaintiff, in which the fact
of encumbrances and the purchase by the plaintiff were
recited, and in which it was agreed as follows: —

"And whereas the said party of the third part [the

plaintiff] has, by direction of the said Madison H. Turrill, paid the whole of said purchase-money to the said party of the second part [Sherwood] to be applied upon the indebtedness of the said party of the first part [Hall] to him, and to the expenses of said foreclosure proceedings, —

"Now, the said parties of the first and second parts, for and in consideration of the premises, and of the sum of one dollar, lawful money, to each of them in hand paid by the said party of the third part, the receipt whereof is hereby acknowledged, have covenanted, promised, and agreed, and by these presents do promise, covenant, and agree, for themselves, their heirs, executors, and administrators, to and with the said party of the third part, his heirs, executors and administrators, and assigns, as follows, to wit: —

"1. That they will commence immediately to cause the said mortgage of the said party of the first part to be foreclosed, and the said mortgaged premises to be sold by the sheriff without unnecessary delay, and that they, or one of them, will bid at such sale upon the said lot of land and premises so conveyed to the party of the third part, the just and full sum of forty-five thousand dollars.

"2. That immediately upon receiving the sheriff's certificate of sale for said premises, they, or he, will assign, and transfer, and deliver the same to the said party of the third part for his use, without further consideration, cost, or charge.

"3. That if the parties of the first and second parts should fail to bid for said property at said sale the aforesaid sum of forty-five thousand dollars, the party of the third part shall be at liberty, and he is hereby authorized, to bid said amount therefor in the name of the plaintiff in the suit to foreclose said mortgage, and be entitled to an assignment of the certificate as aforesaid.

"4. That if at the sheriff's sale any other person shall bid for and take the premises so conveyed to the party

of the third part, any greater sum than forty-five thousand dollars, the said parties of the first and second parts shall and will pay, or cause to be paid, to the said party of the third part, on demand, on the first day of the month succeeding the payment by said purchaser of such purchase-money, and upon his executing to the said Madison H. Turrill a quitclaim deed for said premises, and delivering to the party of the second part the possession thereof, the just and full sum of forty-five thousand dollars.

"5. And the said party of the third part, in consideration of the premises, doth undertake, promise, and agree to and with the said parties of the first and second parts, that if at said sheriff's sale any person other than said parties of the first and second parts shall become the purchaser of said property so conveyed to him, he will, on demand, on the first day of the month succeeding such purchase, and on his payment to him of the sum of forty-five thousand dollars, convey the said property by quitclaim deed to said Madison H. Turrill, and deliver the possession thereof to the said party of the second part."

In pursuance of this agreement, and while the action of the defendants in attachment was pending in this court, Sherwood brought his action to foreclose the mortgage, making the respondents herein parties to that action, procured a judgment for the amount of the note and the foreclosure of the mortgage, and caused execution to issue and the property to be sold. At the sale neither Sherwood nor Hall became the purchasers of said property, and the appellant, acting in pursuance of said agreement, himself bid the same in in Sherwood's name for the sum of forty-five thousand dollars; and a certificate of purchase was issued to Sherwood by the sheriff, and by him assigned to the plaintiff without the payment of any money, in addition to the thirty-seven thousand five hundred dollars already paid to Sherwood.

The respondents' judgment was reversed in this court and sent back for a new trial, and upon a second trial thereof, judgment in their favor was again rendered by the court below. Upon their second judgment they caused execution to issue, and placed the same in the hands of the sheriff, who was about to enforce the same by a sale of the property in controversy, and this action was brought to enjoin further proceedings under said judgment. The court below has found the facts as stated above, and found, affirmatively, that there was no actual fraud on the part of Turrill, Hall, Sherwood, and the appellant, or either of them, in the transaction with reference to the purchase of the property and the foreclosure and sale thereof, and judgment was rendered in favor of the plaintiff, that he was the owner of the property in controversy, and enjoining further proceedings under the judgment of the respondents. A motion for a new trial was made by the respondents and granted, and this appeal is from the order granting a new trial.

There is no controversy between the parties as to the material facts. The sole question presented is, whether the transaction between the appellant Turrill, Hall, and Sherwood was a fraud upon the respondents or not. Conceding, for the purposes of respondents' case, that it was the actual intention of these parties to cut off the subsequent lien of respondents by a foreclosure of the mortgage, we confess our inability to see how any injury could have resulted to them by reason of the agreement and the foreclosure and sale. It is conceded that the mortgage lien was a valid one, and prior to the attachment lien of the respondents. The mortgage must therefore have been satisfied before the property could have been made available in satisfaction of their debt. The court found that the property was not worth more than the sum of thirty-seven thousand five hundred dollars, the amount actually paid by the appellant. By the agreement the holders of subsequent liens covering this

and other property of Turrill were actually benefited to the extent of seven thousand five hundred dollars by the stipulation that upon foreclosure a credit should be given on the mortgage of forty-five thousand dollars, when the value of this piece of land and the amount actually paid for it was thirty-seven thousand five hundred dollars. Nor did this agreement in any way prevent competition at the sale, as it was expressly provided that in case any one else should bid more than forty-five thousand dollars for the property, said last-named sum should be paid to the appellant, and he should reconvey the property to Turrill. Thus it was to the interest of Hall and Sherwood, as well as to all of the lien-holders, to make this piece of property bring as much as possible, that other pieces of property owned by Turrill and covered by the liens might be relieved of the burdens resting upon them to that extent. We are unable to see any wrong in this transaction on the part of the appellant. He could not have been expected to pay the full value of the property, and take it subject to the whole of Sherwood's mortgage, as well as subsequent liens, which were far in excess of its value. He had a perfect right to secure himself against such a result by the agreement that the money advanced by him should be applied upon a foreclosure of the mortgage, which would give him a title free from encumbrance; and so long as he paid full value for the property, he was guilty of no wrong, and his acts could injure no one.

The only part of the transaction which apparently needs explanation is the provision that while only thirty-seven thousand five hundred dollars was paid, a credit of forty-five thousand dollars was to be given upon a foreclosure and sale, but this is easily explainable. It is evident that Sherwood and Hall were anxious to realize thirty-seven thousand five hundred dollars on the property. It appears in evidence that they had been offering it for thirty-five thousand dollars. The appellant

could not well afford to pay his money, and run the risk of some one else becoming the purchaser at the foreclosure sale without some consideration. Therefore, it was agreed that in consideration of his advancement of the money he was to receive, in case some one else became the purchaser, the amount paid by him and seven thousand five hundred dollars in addition, and in order to prevent some one else becoming the purchaser for a less sum. Sherwood and Hall agreed to bid the sum of forty-five thousand dollars on the property. In either event the agreement was a positive benefit instead of an injury to subsequent lien-holders.

We have carefully examined the opinion of the learned judge of the court below, upon the ruling granting the new trial. He concludes that the findings of facts were not sustained by the evidence in some particulars which seem to us to be wholly immaterial. Conceding that such findings were not sustained by the evidence, the conclusion of law should have been the same.

It is contended that the deed from Turrill to appellant recited that the appellant took the property subject to the encumbrances, and therefore he could not avail himself of the contract of Sherwood and Hall to relieve himself of any of the liens. But conceding the fact, the conclusion does not follow. It clearly appears that the sale of the property was made in order to realize as much as possible on this one tract of the encumbered property. The appellant agreed to pay, and did pay, on the express agreement that the property was to be sold on foreclosure, and that he was to have the benefit of the title to be obtained by such foreclosure and sale. In other words, the effect of the agreement was, that he should advance the money, but it was to be a payment on the foreclosure sale of the property. Again, it is urged that Turrill was not a party to the agreement for the foreclosure of the mortgage, and application of the money as therein provided. But Turrill is not complaining,

and the fact that he was not a party to the contract cannot affect the rights of the appellant. Beside, it clearly appears from the evidence that Turrill practically surrendered the property to the mortgagee for the purpose of having it disposed of for the satisfaction of the debt, or as much of it as could be realized from the sale of the property. The sale was negotiated by Hall. Turrill conveyed to the appellant for the sole purpose of carrying out the plan by which the sum of thirty-seven thousand five hundred dollars was to be realized and applied to the indebtedness upon the terms agreed upon. As the property sold for its full value, this was all subsequent lien-holders had a right to ask.

Taking this view of the transaction, we are clear that the court below was right in its first conclusion, and that it was error to grant a new trial.

We do not overlook the rule that on an appeal from an order granting a new trial every intendment is in favor of the order of the court, but where the question presented is purely one of law, and this court is satisfied that an error has been committed, the rule is not applicable.

The order appealed from is reversed.

PATERSON, J., and BEATTY, C. J., concurred.

Hearing in Bank denied.